RACHAEL RACKLIFF *vs.* CHARLES V. LOOK.

Franklin.    Opinion June 4, 1879.

*Dower. Detention. Damages,—mitigation of. Limitation. Tax deed.*

The separate action, given by R. S., c. 103, § 20, to recover damages for detention of dower after the commencement of the action of dower, does not accrue until the plaintiff has recovered judgment in her action of dower. Such recovery is a condition precedent to its maintenance.

The defendant makes himself liable in this action for damages for the detention of dower until he yields the possession to the plaintiff under her judgment in the action of dower. The fact that the plaintiff has been suffered by him to have the use of the premises a portion of the time before judgment in the action of dower goes only in mitigation of damages.

The mere introduction of a tax deed, under provisions of R. S., c. 6, §§ 162, 174, does not avail where there is no evidence to show that the legal proceedings, set forth and recited in said deed as having been had and done, were in fact had and done.

ON EXCEPTIONS.

ACTION OF ASSUMPSIT, wherein plaintiff seeks to recover the rents and profits of certain lands assigned and set off to her as and for her dower. Subsequent to her writ demanding such assignment and being for the years 1870, 1871, 1874, 1875, and 1876, —she alleging that defendant withheld the premises assigned to her after the demand during those years. Writ dated February 17, 1877.

In her writ and declaration plaintiff alleges and admits that she entered into the premises assigned and set out to her and had the rents and profits thereof during the years 1872 and 1873, by virtue of such assignment.

Defendant pleaded the general issue and also pleaded specially :

I. The statute of limitations as a bar to any recovery for the rents and profits of the year 1870.

II. That the plaintiff, admitting that she had once entered into possession of the premises assigned to her as the lands in which she was entitled to dower, and having received the rents and profits thereof for the years 1872 and 1873, by virtue of the assignment to her of said premises, and such in truth being the fact, she could not recover of this defendant in this action, for any year subsequent to such entry and occupation by herself; even if it should appear that he did receive the rents and profits, defendant contended that if he obtained possession of said premises subsequent to her entry and occupation under the assignment, he must be regarded as a disseizor and must be proceeded against, if at all, as a disseizor, and not for withholding lands assigned to her by virtue of her right to dower.

III. That during the years 1875 and 1876, defendant owned the lands in fee, and unincumbered by plaintiff's right to dower, by virtue of a tax deed,—given by the treasurer of the town, wherein the premises are situate, to said defendant—said deed being dated March 21, 1875, and recorded March 26, 1876.

Defendant introduced in evidence the deed described in his pleadings, and evidence tending to show that it included and covered all the premises assigned and set off to the plaintiff as lands in which she was entitled to dower.

The presiding justice instructed the jury :

I. That the statute of limitations did not bar the plaintiff from recovering for the rents and profits of the year 1870.

II. That, notwithstanding the fact that she entered into possession of the premises assigned and set out to her as the lands in which she was entitled to dower, and received the rents and profits thereof, still, if they were satisfied by the evidence that the defendant subsequently entered into said premises and received the rents and profits thereof, the plaintiff might in this action recover a reasonable sum for such rents and profits—such sum as said rents and profits were reasonably worth.

III. That the deed introduced by the defendant showed no title

and would be of no avail to him as a defense to this action, for the reason that he had not put in any evidence to show that the legal proceedings set forth and recited as having been had and done in said deed were in fact had and done.

The verdict was for the plaintiff for the rents and profits of the premises assigned and set out to this plaintiff as the lands in which she was entitled to dower, for all the years claimed, to wit: the years 1870, 1871, 1874, 1875 and 1876. The defendant alleged exceptions.

*H. L. Whitcomb*, for the plaintiff.

*S. C. Belcher*, for the defendant, contended:

I. The writ is dated February 17, 1877, and the statute of limitations is a bar to the recovery of rents and profits for the year 1870. R. S., c. 81, § 79.

II. Plaintiff having once entered into possession of the premises assigned to her as and for her dower, she cannot maintain this action, which is brought against the defendant under R. S., c. 103, § 21, for " rents and profits while he held the premises after demand." The plaintiff, having once entered into and enjoyed the premises, cannot say to defendant that he holds the same after demand, and have this action therefor. If defendant afterwards unlawfully obtained possession, he must be regarded as a disseizor, and recovery must be had against him, if at all, as such. If plaintiff was disseized by the defendant, she has her remedy. R. S., c. 104, § 1. And damages for rents and profits. In this action plaintiff cannot recover for any year subsequent to 1873, when she admits she was in possession by her assignment.

III. Defendant owned the lands during years 1875–6, in fee, by virtue of a tax deed, the introduction of which, with evidence identifying the land covered by the deed, was sufficient to show *prima facie* title in him. Stat. 1878, c. 35.

BARROWS, J. By R. S., c. 103, § 20, touching actions of dower, it is provided that, " if the demandant (in such action) recovers judgment for her dower, she may recover damages for its detention in the same action to the time of its commencement, and the

subsequent damages in a separate action." Only one such separate action seems to be contemplated, or would in ordinary cases be necessary; and it should comprehend all the damages accruing between the time of the commencement of the action of dower and the time when the demandant of dower is finally placed in possession of her estate under a judgment of the court, and the writ of seizin requiring the proper officer to cause her dower to be assigned and set out to her by three disinterested persons has been issued, executed, returned, and the return accepted, according to the requirements of § 23. Not until this has been done and final judgment in the action of dower has been entered up is it ascertained what the property is for the detention of which damages are to be recovered in the separate action under § 20.

The rendition of such judgment is a condition precedent to the maintenance of the separate action. Hence the action does not accrue until the final judgment is rendered, which, in the present case, was at the March term, 1876. The statute of limitations only began to run against it at that time; and the result is that the ruling allowing the plaintiff to recover for the detention of the dower in 1870 was correct.

The statute giving a separate action for the detention of the dower subsequent to the commencement of the action of dower was never designed to authorize the multiplication of suits by permitting the demandant in the action of dower to commence a separate action of this sort as often during the pendency of the first as her whims may dictate. She can only maintain it by showing that she has recovered judgment for her dower in the first, and that is not until the action has gone off the docket of the court with a rendition of final judgment in her favor.

As long as the parties are in court litigating the first suit it cannot be said that she has recovered judgment for her dower in the sense in which the phrase is used in § 20; because an order of the judge presiding at any term of court might strike off the interlocutory entry, for cause shown, at any stage of the proceedings prior to final judgment. This view of the separate action, and of that which it was designed to include, to wit: all the damage suffered by the detention of dower during the pendency of

the action of dower, and until the defendant yields the possession to her under the judgment therein, disposes of the defendant's second exception also, which at first sight seemed tenable.

The date of judgment in the action of dower shows that, however it was that the plaintiff was suffered by the defendant to have the use of the lands set out to her for dower during the years 1872 and 1873, it was not under the judgment by which the assignment was accepted and confirmed. Yet, if she had the rents and profits of the land during those years, the defendant is not responsible therefor in this action, and it was proper that the claim for them should be excluded from the declaration in the present case. The defendant's claim to be exempted from the payment of damages for the detention since 1872 and 1873 is based upon the idea that he should have been from that time regarded as a disseizor ; but that assuredly could not be until the rights of the plaintiff in the particular parcel assigned to her had been established by the judgment of court ; and it may well be that the statute contemplates that he should be regarded as detaining the dower so as to subject himself to repeated actions of this description therefor, after the rendition of judgment in the action of dower, until he has yielded possession of the assigned premises under the final judgment in said action.

Whether the remedy for a subsequent intrusion by him should be sought in another form, is not the question here. He does not seem to have given her possession under her judgment and must be regarded as still detaining her dower.

His exception to the ruling of the judge upon this point must fail, because it is not made to appear that the plaintiff has ever been in possession since the rendition of judgment in the original action.

The ruling with respect to the effect of the tax deed produced by the defendant was correct under R. S., c. 6, §§ 162, 174. *Smith* v. *Bodfish*, 27 Maine, 289. If chapter 35, laws of 1878, could affect a pending action in this particular, still the exceptions fail to show that the tax deed was "duly executed," or to negative the payment of the taxes by plaintiff to enable her to contest the validity of the deed. It is not made to appear that the ruling was erroneous, and the presumption is the other way.

And it has been held that the law of 1878, c. 35, does not apply to pending cases. *Treat* v. *Smith,* 68 Maine, 394, 396.

*Exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.